# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PITMAN & SONS, INC.,**

        **Plaintiff,**

**-vs-**                                   **Case No.  6:05-cv-517-Orl-31JGG**

**GOURMET GARDEN OF CENTRAL
FLORIDA, INC., MEREDITH D. TRACY
and JOHN BARRY TRACY,**
                       **Defendants.**

_____

## ORDER

       Plaintiff, Pitman & Sons, Inc. ("Pitman") has filed a Motion for Summary Judgment (Doc. 38) with a memorandum (Doc. 39) and affidavit (Doc. 40) in support thereof.  By *Milburn* Order dated November 1, 2005 (Doc. 41), Defendants were required to file their opposition papers by December 1, 2005.  No such papers have been filed and the Motion is thus unopposed.

       This is an action under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. section 499e, regarding the sale of produce by Plaintiff to Defendant, Gourmet Garden of Central Florida, Inc. ("Gourmet"), for which $215,611.70 is due and unpaid.  Defendants, Meredith D. Tracy and John Barry Tracy are the officers and directors of Gourmet.[1]  On April 14, 2005, the Court entered a consent Preliminary Injunction against Defendants (Doc. 14).

       Upon consideration of the above, the Court finds that Pitman properly preserved its trust rights by including the requisite statutory language on its invoices sent to Defendant. 7 U.S.C.

_____

[1] The claims against Thomas Clarkson were dismissed by Order dated September 1, 2005 (Doc. 37).

section 499e(c)(4).  Gourmet was at all times pertinent herein a dealer subject to and licensed under PACA.  Accordingly, Gourmet is liable to Plaintiff in the amount of $215,661.70.

In addition, it has been established that Defendants, Meredith D. Tracy and John Barry Tracy, were officers and directors of Gourmet, and that they were in a position to control the PACA trust assets belonging to the creditors of Gourmet.  Meredith D. Tracy's and John Barry Tracy's failure to preserve the trust assets for Pitman is a breach of their fiduciary duties for which they are personally liable.  Having failed to fulfill their duties as trustees, Meredith D. Tracy and John Barry Tracy are liable to Pitman in the amount of $215,661.70.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment is GRANTED.  The Clerk is directed to enter judgment for Plaintiff, and against Defendants, Gourmet, Meredith D. Tracy and John Barry Tracy jointly and severally in the amount of $215,661.70.  This case is removed from the June 2006 trial docket and the Clerk is directed to close the file

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 2, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-2-